IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK OSHAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PHYLLIS ROBINSON, ALARIC ROBINSON, DOES 1-10 inclusive, et al.,<br><br>　　　　Defendants. | Case No. 13-2890 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANTS** |

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Contra Costa seeking to evict Defendants from real property located at 2851 Anderson Lane, Brentwood, California. Defendants, representing themselves, subsequently purported to remove the action to this Court on the basis of diversity jurisdiction.

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate*

*Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004).  The Court has reviewed the Notice of Removal and has determined that federal diversity jurisdiction does not exist.

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  Defendants allege that diversity jurisdiction exists because the Plaintiff is a citizen of Texas and they are citizens of California and that the amount in controversy is in excess of $75,000.  However, the face of the state court complaint clearly states that the amount demanded is less than $10,000.  (Dkt. No. 1-1, p. 6.)  Defendants therefore cannot satisfy the amount in controversy requirement for federal diversity jurisdiction.

Accordingly, Defendants are ORDERED to SHOW CAUSE as to why this case should not be remanded to the Contra Costa County Superior Court.  In particular, if Defendants believe that this Court has subject matter jurisdiction, they shall file a response in writing by **July 22, 2013** that demonstrates why this Court has jurisdiction.  Defendants are warned that their failure to file a response will result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:  July 1, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE