IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK OSHAY,<br><br>    Plaintiff,<br><br>    v.<br><br>PHYLLIS ROBINSON, ALARIC ROBINSON, DOES 1-10 inclusive, et al.,<br><br>    Defendants. | Case No. 13-2890 JSC<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION THAT THE CASE BE DISMISSED, OR ALTERNATIVELY, REMANDED** |

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Contra Costa seeking to evict Defendants from real property located at 2851 Anderson Lane, Brentwood, California. Defendants, representing themselves, subsequently purported to remove the action to this Court on the basis of diversity jurisdiction. Given the Court's concern with respect to subject matter jurisdiction, the Court ordered Defendants to show cause as to why this case should not be remanded to Superior Court of California for the County of Contra Costa. (Dkt. No. 3.) Defendants failed to respond to the Court's Order.

## DISCUSSION

As the parties have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge. Based on the foregoing, this Court recommends that the newly assigned district judge DISMISS this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Alternatively, the Court recommends that the case be REMANDED.  Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).  Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004).

The Court has reviewed the Notice of Removal and has determined that federal diversity jurisdiction does not exist. Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  Defendants allege that diversity jurisdiction exists because the Plaintiff is a citizen of Texas and they are citizens of California and that the amount in controversy is in excess of $75,000.  However, the face of the state court complaint clearly states that the amount demanded is less than $10,000.  (Dkt. No. 1-1, p. 6.)  Defendants therefore cannot satisfy the amount in controversy requirement for federal diversity jurisdiction.

## CONCLUSION

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge DISMISS this action for failure to prosecute pursuant to Federal Rule of Civil

Procedure Rule 41(b), or alternatively, REMAND this action to Superior Court of California for the County of Contra Costa.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated:  August 6, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE